IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANTONIO R. VASQUEZ,            )
Register No. 505273,           )
                               )
            Plaintiff,         )
                               )
      v.                       )    No. 04-4201-CV-C-NKL
                               )
HARLAN HATTON, et al.,         )
                               )
            Defendants.        )

### REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants Hatton, Schlude, John Doe Police Chief and the City of Columbia have filed motions to dismiss. Plaintiff has filed a response and supplemental responses to such motions. Defendants Hatton and Schlude filed a reply.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon consideration, the court recommends that defendants' motions be granted, in part, and denied, in part.

To the extent that plaintiff's claims challenge Officer Hatton's probable cause in stopping plaintiff's vehicle, allege an illegal search and seizure, allege failure to provide *Miranda* warnings, or any other allegations relating to the circumstances that led to plaintiff's criminal conviction, such claims should be dismissed, without prejudice, for

failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. Such claims should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. *Heck*, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981), *cert. denied*, 469 U.S. 1223 (1985). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976), *cert. denied*, 425 U.S. 915 (1976).

Therefore, plaintiff's claims challenging Officer Hatton's probable cause in stopping plaintiff's vehicle, allegations of an illegal search and seizure, allegations of failure to provide *Miranda* warnings, and any other allegations relating to the circumstances that led to plaintiff's criminal conviction should be dismissed, without prejudice. *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995). Such claims should be dismissed against defendants Officers Hatton and Schlude, as well as against the City of Columbia and John Doe Police Chief. If plaintiff is able to invalidate his conviction or sentence, he may refile such claims under section 1983 at that time.

Plaintiff's claims for punitive damages against the City of Columbia and against John Doe Police Chief and Officers Hatton and Schlude, in their official capacities, should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

"[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Moreover, "suits against public employees in their official capacity are the legal equivalent of suits against the governmental

entity itself." *Bankhead v. Knickrehm*, 360 F.3d 831, 844 (8th Cir. 2004) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Accordingly, plaintiff's punitive damage claims against the City of Columbia are clearly barred and should be dismissed. Additionally, to the extent plaintiff's claims against defendants Hatton, Schlude and John Doe Police Chief are premised upon their official capacities, such claims for punitive damages should also be dismissed.

In liberally construing plaintiff's complaint, the court finds plaintiff has sufficiently alleged claims against defendants Officers Hatton and Schlude with regard to excessive use of force and against John Doe Police Chief and the City of Columbia regarding custom or policy relating to such excessive force claims. Therefore, defendants' motion to dismiss plaintiff's claims against defendants Hatton and Schlude regarding excessive use of force and claims against defendants John Doe Police Chief and the City of Columbia regarding the policy or custom relating to such use of force should be denied.

IT IS, THEREFORE, RECOMMENDED that defendants' motions to dismiss be granted, in part, and denied, in part [25, 39]. It is further

RECOMMENDED that defendants' motions to dismiss be granted and plaintiff's claims be dismissed with regard to punitive damage claims against defendants City of Columbia and John Doe Police Chief, Hatton and Schlude, in the official capacities, for failure to state a claim under 42 U.S.C. § 1983. It is further

RECOMMENDED that defendants' motions to dismiss be granted, and plaintiff's claims be dismissed, without prejudice, as to all claims which relate to the circumstances that led to plaintiff's criminal conviction (e.g., plaintiff's claims challenging Officer Hatton's probable cause in stopping of plaintiff's vehicle, allegations of an illegal search and seizure and allegations of failure to provide *Miranda* warnings), for failure to state a claim on which relief may be granted under section 1983. It is further

RECOMMENDED that defendants' motions to dismiss be denied as to plaintiff's claims against defendants Hatton and Schlude regarding excessive use of force and claims against defendants John Doe Police Chief and the City of Columbia relating to the policy or custom with regard to such use of force.

3

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 29th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4